### Maria de Los Angeles TORRES, Plaintiff,

v.

### CENTRAL INTELLIGENCE AGENCY, Defendant.

### No. 98 C 149.

United States District Court, N.D. Illinois, Eastern Division.

Dec. 15, 1998.

Matthew J. Piers of Gessler, Hughes & Socol, Chicago, IL, Theresa Ann Amato, Elmhurst, IL, Dana Helene Sukenik, Gessler, Hughes & Socol, Ltd., Chicago, IL, for Plaintiff.

Gail F. Levine, Civil Division, Washington, DC, for Defendant.

### MEMORANDUM ORDER

SHADUR, Senior District Judge.

This Court has reviewed ex parte all of the documents submitted to it in camera by defendant Central Intelligence Agency ("CIA")—Bates Nos. 1–723 in complete and unreacted form [1]—in accordance with this Court's August 14, 1998 order. To assist this Court in that process, CIA has also delivered to this Court a copy of its Consolidated and Amended Privilege Log for Documents Withheld under Claim of Privilege, previously delivered to counsel for FOIA plaintiff Maria de Los Angeles Torres ("Torres").

In its review of those documents and of the claims of privilege made by CIA in connection with the redactions,[2] this Court has of course been mindful of the cautionary admonition voiced by the Supreme Court in *CIA v. Sims,* 471 U.S. 159, 179, 105 S.Ct. 1881, 85 L.Ed.2d 173 (1985):

> The decisions of the Director, who must of course be familiar with "the whole picture," as judges are not, are worthy of great deference given the magnitude of the national security interests and potential risks at stake. It is conceivable that the mere explanation of why information must be withheld can convey valuable information to a foreign intelligence agency.

Accord, such cases as *Stein v. Department of Justice,* 662 F.2d 1245, 1254 (7th Cir.1981)(involving the FBI, which is given a FOIA statutory exemption from disclosure that does not appear as sweeping as the special CIA provisions (see n. 2) that supplement FOIA's limitations). And as was true in *Sims* (which also involved three-decades-old information), the extended time lapse since the occurrence of the events at issue does not dilute that need to defer to CIA's risk assess-

---

1. Those 723 pages of documents comprise 713 pages (Bates Nos. 1–541 and 552–723) that are lodged in a heavy steel safe delivered by CIA to this Court's chambers, with a CIA operative having flown here from Washington, D.C. just to deliver the combination to this Court and to demonstrate how to open the safe (he missed the first time around until given a little assistance by this Court), plus 10 pages (Bates Nos. 542–51) that—because they are perceived as too hot for even that secure handling (in technical jargon those pages are classified as "Sensitive Compartmented Information," reduced in the governmental passion for alphabet-soup designations to "SCI")—are lodged in what the same governmental lingo labels as a Sensitive Compartmented Information Facility (known as "SCIF" to the initiated) located in the Chicago office of the FBI, with this Court being given a special dispensation to examine the documents there.

2. Though Torres has brought this action under FOIA, Congress and the President have conferred some special privacy rights on CIA—see 50 U.S.C. §§ 403–3(c)(6) and 403g and Executive Order 12958 § 1.5. This Court has noted one inadvertent error in the cited statutes: Section 403g still refers to the CIA Director implementing Section 403–3(c)(*5*), even though the 1996 amendment to Section 403–3(c) inserted a new subparagraph and thus renumbered that provision as Section 403–3(c)(*6*). This Court has nonetheless applied the statute as though Section 403g had also been amended through a conforming change (as it should have been).

ment (*Maynard v. CIA*, 986 F.2d 547, 555 n. 6 (1st Cir.1993); *Fitzgibbon v. CIA*, 911 F.2d 755, 763–64 (D.C.Cir.1990)).

In sum, nothing in this Court's review suggests any inappropriateness in the redactive process that has been followed by CIA, or in the results or effect of those redactions, as failing to reflect wholly legitimate assertions of the statutory exceptions to disclosure under FOIA as buttressed by the statutes cited in n. 2. Moreover, the information thus provided by CIA, when coupled with its long-pending Fed.R.Civ.P. ("Rule") 56 motion for summary judgment,[3] appears to make the granting of that Rule 56 motion the inevitable outcome of this litigation.

Accordingly this action is set for a telephonic status hearing at 8:30 a.m. December 23, 1998. At that time Torres' counsel should be prepared to discuss whether under the circumstances any purpose would be served by following the usual extended path applicable to Rule 56 motions, rather than promptly entering a final order of dismissal of this action on the merits.

---

**3.** This Court and Torres' counsel received CIA's summary judgment motion and supporting papers nearly nine months ago, on March 30, 1998. Torres' response has been deferred by this Court to provide her counsel with the maximum opportunity to address the matter in light of the difficulties that are inherent in the FOIA situation, where normal open-file discovery procedures are not available to a plaintiff seeking information.